**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00134-CR**
_____

**PHILLIP JEROME SIMMONS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR35130**

**MEMORANDUM OPINION**

A jury convicted Appellant Phillip Jerome Simmons ("Appellant" or "Simmons") of murder, a first-degree felony. *See* Tex. Penal Code Ann. § 19.02(c). After a hearing on punishment, the jury found the two alleged enhancements for prior felony convictions "true" and assessed punishment as life in the Texas Department of Criminal Justice. *See id.* § 12.42(d) (penalties for repeat or habitual offenders).

1

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Simmons to file a pro se brief, and Simmons filed a pro se brief in response.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and a pro se brief, the appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." (citation omitted) *Id*. We do not address the merits of each claim raised in an *Anders* brief or a pro se brief when we have determined there are no arguable grounds for review. *Id*. at 827.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Simmons' pro se brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28

2

("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on January 30, 2024
Opinion Delivered April 24, 2024
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

---

[1] Simmons may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.